UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

COURTNEY R. LOGAN
　　　PLAINTIFF

V.

DAVIDSON COUNTY
　　　DEFENDANT

RECEIVED
IN CLERK'S OFFICE
OCT 18 2013
U.S. DISTRICT COURT
MID. DIST. TENN.

PRISONER'S COMPLAINT CHALLENGING CONDITION OF Confinement

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the inmate identification number, the plaintiffs mailing address, and the plaintiffs place of Confinement are as follows:

A. Legal name: COURTNEY R. LOGAN
B. Name under which sentenced: COURTNEY R. LOGAN
C. inmate identification number: 478039
D. plaintiffs mailing address: 2999 U.S. Highway 61 North, Woodville, MS 39669
E. place of Confinement: Wilkinson County Correctional Facility

2. Plaintiff names the following person(s) as the Defendant(s) in this Civil action:

Name: DAVIDSON COUNTY
Title: DAVIDSON COUNTY
Defendants mailing address: P.O. Box 196333
　　　　NASHVILLE, TENNESSEE 37219-6333

Name: John Doe

Title (Superintendent, Sheriff, etc.): " "

Defendant's mailing address (street or post office, box number, city, state, ZIP): P.O. Box 196333 Nashville, TN 37219-6333

Name: John Doe

Title (Superintendent, Sheriff, etc.): " "

Defendant's mailing address (street or post office box number, city, state, ZIP): P.O. Box 196333 Nashville, TN 37219-6333

Name: John Doe

Title (Superintendent, Sheriff, etc.): " "

Defendant's mailing address (street or post office box number, city, state, ZIP): P.O. Box 196333 Nashville, TN 37219-6333

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment? ☑ Yes ☐ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

   Plaintiff(s): COURTNEY R. LOGAN

   Defendant(s): David M. Hopkins, et al

   B. Court: middle district of Tennessee   C. Docket No.: 3:12-CV-0027

   D. Judge's Name: Todd J. Campbell   E. Date suit filed: 1-30-2012

   F. Date decided: 3-27-12   G. Result (affirmed, reversed, etc.): Dismissed

5. Is there a prisoner grievance procedure or system in the place of your confinement? ☑ Yes ☐ No

6. If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below). ☑ Yes ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

Continuation of question 4

A. Parties to the Lawsuit

   Plaintiff(s) Courtney R Logan
   Defendant(s) Dennis Waller et al.

B. Court: Northern District of Mississippi    C. Docket No.: 4:11 CV134-A-S

D. Judges Name: David Sanders    E. Date suit filed: Not Known

G. Results: Appeal pending

F. Date decided: Not Known

Continuation of question 4

A. Parties to the lawsuit

　　Plaintiff(s): Courtney R Logan
　　Defendant(s): Tyrone Banks, et al

B. Court: Northern District of Mississippi

C. Docket No.: 4:12 CV 40-A-V

D. Judges name: "Not Sure"

E. Date suit filed: Not Sure

F. Date Decided: Not sure

G. Result: Appeal pending

Continuation of question 4

1) parties to the action: Ricky Banks, Tyrone BANKs, Scott Stewart

2) Court; United States District Court for the Northern District of Mississippi

3) Docket Number: 4:13CV89-A-A

4) Name of Judge; Honorable Sharon Aycock

5) Disposition; Pending in District Court

Continuation of question 4

1) PARTIES to THE Action; "John Doe" Commissioner of T.D.O.C, "John Doe" Deputy Commissioner T.D.O.C, John Doe T.D.O.C "Superintendent" "John Doe" Warden MCCX

2) Court; United States District Court Eastern District of Tennessee

3) Docket Number; 3:13-CV-00294

4) Name of Judge; Honorable Judge Curtis L. Collier

5) Disposition; Alter or Amend Judgement Motion pending in District Court. Petition was Dismissed as frivolous and failure to state a Claim. Appeal will follow if subsequently Dismissed

A. Does the grievance system place a limit on the time within which a grievance must be presented? ☑ Yes ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? ☑ Yes ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Ive informed the administration of the facility were In Currently being Detained, Along with the Circuit Court that governs My Current District. Ive Also petitioned the Circuit Court in Morgan County Tennessee in regards to My Current Circumstances involving My Constitutional violations

(Exhibits ATTATCHED)

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

No Response was received from grievance Due to Corrections Corporation of America no longer governing the facility Complaint was Automaticly granted Judicial Review to Proceed in the Courts

(Exhibits Attatched)

Petitioner Notified T.D.O.C of his Circumstances "Response Attatched" No grievance was filed in Tennessee Due to the Denial of access to the Administration. petitions were filed in the Morgan County Circuit Court "Response Attatched"

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

   Currently being Denied access to the administration that governed the Extradition proceedings

   Circuit Court of Morgan County, STATES Response (Attatched)

9. Write below, as briefly as possible, the **facts** of your case: Describe how **each** Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

   ON or about June 4 2011, Plaintiff was extradited from the Custody of Morgan County Correctional Facility to the Custody of Leflore County Mississippi, pursuant to a Conviction obtained in davidson County, Tennessee on September 25 2010. Plaintiff alleges that on Febuary 28 2011 in davidson County Criminal Division IV A Hearing was scheduled "Motion for New trial" but was postponed on Febuary 28 2011 Due to Counsel requesting to be removed from said Case (2009-C-2822) which trial Judge honored the request and advised in open Court that the hearing "new-trial motion" would be re-scheduled for April 1 2011. Plaintiff never attended nor was plaintiff Appointted another Counsel after trial attorney was removed on February 28 2011.

   On October 14 2011 after being transfered to the Custody of C.C.A/Leflore County, Mississippi. plaintiff was Contacted by an attorney advising plaintiff to waive his rights to appearance at his new-trial hearing in davidson County, Tennessee, In which

Continuation of question "9"

plaintiff declined to waive said rights. after 17 months of being detained in the custody of Leflore County Mississippi. Plaintiff was subsequently convicted and sentenced in the Circuit Court of Leflore County, on November 28 2012.

On November 29 2012 plaintiff was turned over to the custody of Mississippi Department of Corrections. which was in direct violation of the Executive Agreement between goverment officials from the state of Tennessee and Mississippi. Plaintiff's current Detention is also in direct violation of his procedural rights which are governed by the Interstate Agreement on Detainers policy adopted by the State of Tennessee.

On March 4 2013 plaintiff filed a petition of Habeas Corpus in the Jurisdiction of Wilkinson County, Mississippi, were plaintiff is currently "housed" Detained. Judges order pertaining to the Habeas petition are ("Attatched") Plaintiff has also filed administrative grievances concerning his issues of being un-lawfuly detained in the Jurisdiction of Wilkinson County. An official response to said grievances was never filed by the administration due to (Corrections Corporation of America) no longer governing the facility. Plaintiff was allowed "GRANTED" to proceed with court action pertaining to the grievances "Exhibits Attatched" plaintiff has also filed petitions with the Supreme Court of Tennessee concerning his procedural rights violation, "ORDER from the Supreme Court attatched" plaintiff has also filed for a "Evidentuary" hearing in the Jurisdiction of Morgan County, Tennessee. "STATES Response Attatched".

Plaintiff asserts he has tried contacting the attorney that request he waive his right to appearance to his new-trial motion pending in davidson County Tennessee. Due to the attorney stating he was appointed by davidson County trial Judge of Case # 2009-C-2822 plaintiff has wrote the tennessee board of professional Responsibility

Continuation of question "9"

In-order to have his Correspondence forwarded to the Alleged attorney appointed by Davidson County, Tennessee. No Response has been received "Correspondence attatched" Due to the Obstruction of plaintiffs 1st Amendment right on behalf of davidson County tennessee, By Denial of access to the Courts, Plaintiffs Conviction in davidson County, Tennessee is being Used to enhance his Custody status in his Current detention in Wilkinson County Correctional facility in Woodville, Mississippi. Although Mississippi Department of Corrections Claims to have no Knowledge of plaintiff's Extradition proceedings from the Custody of Morgan County Correctional facility.

The failure on behalf of defendants "Davidson County" to lodge a detainer against plaintiff has Deprived plaintiff of his 14th Amendment of Due process to Equal protection by Conspiring with Leflore County to Deprive plaintiff of Access to Courts in Davidson County tennessee. plaintiff also asserts that the Conspiracy to deprive him of access to the Courts has violated his 8th Amendment right by depriving him of his fundamental human rights. plaintiff also assert a Conspiracy to deprive him of his procedural rights that are governed by the Interstate Agreement on Detainers (I.A.D) adopted by the state of Tennessee. ( Tenn,--T.C.A. §§ 40-31-101 to 40-31-108) plaintiff also states he's been hindered from proceeding with right to Adequate direct Appeal review.

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

Plaintiff request that the Courts enforce or up-hold the Executive Agreement entered into by Tennessee and Mississippi. Plaintiff also request he be granted the procedural rights preserved by Article IV of the I.A.D Adopted by the State of Tennessee. Plaintiff also request he be provided with adequate access to the Courts and or Counsel.

Plaintiff ask that Compensation, punitive and nominal Damages against the Individuals and in ones Capacity be left to the discretion of the Courts

Plaintiff request protection pursuant to his 1st 14th and 8th Amendment Constitutional Rights

This Complaint was executed at (location): **Wilkinson County Correctional Facility**
and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: October 16 2013

_Courtney Log[illegible]_
Plaintiff's Signature