UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COURTNEY R. LOGAN ]
    Plaintiff, ]
]
v. ] No. 3:13-1157
] CHIEF JUDGE HAYNES
DAVIDSON COUNTY, TENNESSEE ]
    Defendant. ]

## ORDER

In an order (Docket Entry No. 4) entered October 28, 2013, Plaintiff was granted thirty (30) days in which to pay the full filing fee of four hundred dollars ($400.00). 28 U.S.C. § 1915(g). Plaintiff was forewarned that, in the event he failed to pay the filing fee, the full amount would be assessed against him and collected from his inmate trust account, and this action would be dismissed for want of prosecution. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

The thirty day period has expired and the Plaintiff has not yet complied with the instructions of the Court by paying the filing fee. Instead, he has filed two motions (Docket Entry Nos. 8 and 9) asking the Court to reconsider its decision to deny him pauper status.

Plaintiff argues that he should be granted pauper status because two of his "strikes" are currently pending appeal. A review of PACER, however, shows that the Plaintiff is mistaken in this regard. Both cases cited by the Plaintiff as currently pending appeal are no longer on appeal.[1] In any

---

[1] Logan v. Banks, et al., Civil Action No. 4:12-0040 (N.D. Ms.)(dismissed for failure to state a claim). Appellant failed to timely pay the docketing fee and the appeal was dismissed on

1

event, the Sixth Circuit has ruled that a dismissal currently on appeal may be counted as a "strike" until such time as it has been reversed. <u>Coleman v. Tollefson</u>, 733 F.3d 175 (6th Cir. 2013). Therefore, the Plaintiff's motions to reconsider have no merit and are **DENIED**.

Plaintiff is herewith **ASSESSED** the civil filing fee of $400.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby **DISMISSED** for failure to comply with the instructions of the Court and for want of prosecution. Rule 41(b), Fed. R. Civ. P.

The Clerk is directed to send a copy of this order to the Warden of the Wilkinson County Correctional Facility in Woodville, Mississippi, to insure that the custodian of Plaintiff's inmate trust

---

11/9/12 for want of prosecution. Appellate No. 12-60593 (5th Cir.).
    <u>Logan v. Waller, et al.</u>, Civil Action No. 4:11-0134 (N.D. Ms.)(dismissed for failure to state a claim). Appellant failed to timely pay the docketing fee and the appeal was dismissed on 12/26/12 for want of prosecution. Appellate No. 12-60788 (5th Cir.).

account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so **ORDERED**.

**ENTERED** this the ___ day of December, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

3